UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Musa Daramy et al., <br><br> Plaintiffs, <br><br> v. <br><br> Arctic Storm Management Group LLC, <br><br> Defendants. | CASE NO. 21-1431 MJP <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Defendants' motion for partial reconsideration. (Dkt. No. 51.) The Court DENIES the motion.

**Background**

Defendants ask the Court to reconsider part of its decision denying their motion to enforce settlement and granting Plaintiffs' motion to reopen this case. (Dkt. No. 50.) The portion of the order at issue relates to Rule 68 offers of judgment Defendants made which were accepted by eighteen plaintiffs. (See Dkt. No. 50 at 5–7; Dkt. Nos. 8–27.) Plaintiffs filed a praecipe to enter judgment on those offers. (Dkt. No. 40.) Defendants opposed and moved to

strike the praecipe on two grounds. (Dkt. No. 41.) First, they argued that their pending motion to enforce settlement, if granted, would supersede the offers of judgment. Second, they argued that Plaintiffs' use of praecipe was improper. The reason Plaintiffs never requested entry of judgment, Defendants said, was because the Parties intended to settle all claims globally.

The Court granted Defendants' motion to strike the praecipe, but for different reasons. First, the record included the language of only two of the offers, so the Court was unable to review the adequacy of the offers for sixteen of the eighteen plaintiffs who had accepted. In addition, the Court found Defendants' offers fell short of the Rule 68 standard because they excluded costs and attorney fees from the judgment amount. Defendants now claim the language of their offers did not exclude costs.

## Discussion

A motion for reconsideration is rarely granted. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). The Local Civil Rules also set a high bar:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Civ. R. 7(h).

The Court denies Defendants' motion on two grounds. First, there are no new facts or legal authority which Defendants could not have brought to the Court's attention. To the contrary. Defendants opposed the very remedy they seek now. They had an opportunity to litigate this issue and now they take the other side of it. They have provided no explanation as to

why they did not raise their new arguments in the earlier briefing. Because there is none. They have simply changed their position. In addition, they also do not explain why they could not have filed the offers of judgment for all plaintiffs who accepted until now. Even if the Court agreed with Defendants' new arguments, it would only permit the entry of judgment with respect to two of the plaintiffs.

Second, Defendants have not shown manifest error. As the Court has explained, a Rule 68 offer is one for "judgment on specified terms, with the costs then accrued." Fed. R. Civ. Pro. Rule 68(a). "The critical feature of this portion of the Rule is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued." Marek v. Chesny, 473 U.S. 1, 6 (1985). The judgments Defendants offered expressly exclude "all awardable costs and attorneys' fees accrued up to the date of this Offer (October 21, 2021), if any, in full and final resolution of all claims in this matter that were brought or could have been brought . . . in this action." (Dkt. Nos. 6, 8; see also Dkt. No. 52, Declaration of David Bratz, Ex. A.)

Defendants now argue that the offers did not eliminate or preclude an award of costs and fees. (Dkt. No. 51 at 4.) They say:

> The offer provided for judgment of a face value which was exclusive, rather than includes, of awardable attorneys fees and costs—with the intention that the Court would determine post-acceptance the awardable fees and costs and that those would be included in the judgment taken against Defendants.

(Id.) But Defendants point to no language in the offers, or other evidence, to show they indended the Court to award costs and fees later on—or, more importantly, that such costs would be included in any judgment against them. Again, the "critical feature" is that the judgment itself must include costs up to the date of the offer. Marek, 473 U.S. at 6; see also Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993) (valid offer where defendant "hereby offers

to allow judgment . . . (1) in the amount of $501,000; plus (2) costs incurred by plaintiffs which shall include attorneys' fees in an amount to be determined by the Court"). Defendants did not offer a judgment that would include costs and did not state the Court would later decide costs and fees, the total of which would be included in the judgment.

The Court finds the cases Defendants cite in support—several of which are either irrelevant or contain incorrect citations—to be unpersuasive. Take, for example, Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc. 962 F.2d 268 (2d Cir. 1992). The language of the offer was:

> Pursuant to Rule 68, Fed. R. Civ. P., defendants by their undersigned counsel hereby offer to allow judgment to be taken against them in the amount of One Thousand Dollars ($1,000.00) exclusive of costs and attorneys fees, if any, awarded by the Court and to provide for a permanent injunction in accordance with the Court's Memorandum Opinion and Order, filed on the 10th day of August, 1988.

Id. at 271. The offer did specify that the judgment amount was "exclusive" of costs and fees. But it also anticipated that the instant court would then determine costs and fees: "exclusive of costs and attorneys fees, if any, awarded by the Court." In addition, the district court in Goodheart Clothing Co. had entered judgment memorializing the terms of the parties' agreement, stating that the court "may award" costs and attorney fees. Id.

Here, the offer simply stated that the judgment was "exclusive of all awardable costs and attorneys' fees." The difference is that Defendants are not offering a judgment that includes costs and fees, if any, that will be determined by this Court. Defendants also cite Klein v. Floranada Warehouse & Storage, Inc., but there court found there that the "offer contemplated that this Court would, in its discretion, determine the amount of fees, costs and expenses to award in addition to the $3,000.00 in damages." 2016 U.S. Dist. LEXIS 187839, at *4–5 (S.D. Fla. Aug. 23, 2016).

1     Because Defendants have not presented new facts or law they could not have before or

2 shown manifest error in the Court's decision, their motion for reconsideration is denied.

3     The clerk is ordered to provide copies of this order to all counsel and to the unrepresented

4 plaintiff, Mohamed Ali.

5     Dated March 25, 2022.

                                  Marsha J. Pechman
                                  United States Senior District Judge