UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Musa Daramy et al., <br><br> Plaintiff, <br><br> v. <br><br> Arctic Storm Management Group LLC, <br><br> Defendant. | CASE NO. 21-1431 MJP <br><br> ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs. (Dkt. No. 93.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 94), the Reply (Dkt. No. 97) and Defendants' Surreply and Motion to Strike (Dkt. No. 99), and all relevant portions of the record, the Court GRANTS Plaintiffs' Motion.

**BACKGROUND**

This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. Plaintiffs brought claims under Title VII, Washington's Law Against Discrimination, and 42 U.S.C. § 1981 on theories of intentional discrimination, hostile work

environment, retaliation, and wrongful termination. Plaintiffs later accepted Defendants' Offers of Judgment, exclusive of all costs and attorneys' fees up to March 31, 2022. Plaintiffs then brought a Motion for Attorneys' Fees and to Enter Judgment Pursuant to the Offers of Judgment. This Court entered judgment for sixteen plaintiffs and denied one offer due to ambiguity, but reserved ruling as to the issue of attorneys' fees. (Dkt. Nos. 100-117.) The Court now addresses the issue of attorneys' fees. Plaintiffs request $115,720.00 in fees for 289.3 hours spent representing the 21 Plaintiffs in this case. Plaintiffs also ask for reimbursement of $3,880.19 for costs spent during the duration of the case.

## ANALYSIS

**A.    Prevailing Party**

Plaintiffs seek an award of attorneys' fees based on their acceptance of Defendants' Offer of Judgments and their status as the prevailing party. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 363 (1981) (Powell, J., concurring) (stating that a Rule 68 offer of judgment "by definition, stipulates that the plaintiff shall be treated as the prevailing party.") "A typical formulation is that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–279 (1st Cir. 1978)). "This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is "reasonable."" Id.

Defendants advance several arguments as to the prevailing nature of Plaintiffs' claims. None of which have merit. First, Defendants argue that because Plaintiffs did not prevail in their EEOC charge filed prior to the filing of the complaint in this action they cannot be deemed

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS - 2

prevailing for the purposes of attorneys' fees and costs associated with those hours. (Def. Mot. in Opp. at 7.) Defendants cite to no rule or case law in support of this argument, and they seem to overlook the fact that filing a charge with the EEOC is a mandatory prerequisite to filing a Title VII claim. Plaintiffs need not prevail on the EEOC charge to be the 'prevailing party.' Rather, this argument speaks to the reasonable number of hours Plaintiffs' attorneys expended. Nonetheless, because the EEOC charge is a mandatory step before filing a complaint, the Court finds that those hours were "hours reasonably expended on the litigation." Hensley, 461 U.S. at 435.

Defendants then argue that five Plaintiffs may not be considered prevailing. Four of the five did not accept offers of judgment, and the remaining Plaintiff, Sekou Soukouna, Defendants argue, cannot be considered prevailing because her Offer of Judgment was for zero dollars. However, the Court finds this too is unpersuasive. The Court has already addressed the issue of Soukouna's Offer of Judgment and found it to be invalid. (Dkt. No. 100.) And while it is true that four Plaintiffs did not accept the Offers of Judgment, Plaintiffs as a whole are still considered 'prevailing parties.' See Hensley, 461 U.S. at 435 (finding that in cases involving multiple claims, it is difficult to divide the hours expended on a claim-by-claim basis, "[i]nstead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.")

**B.      Lodestar Calculation**

Having determined that Plaintiffs are the prevailing party, the Court must determine the reasonable fees to which Plaintiffs are entitled. To set the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th

1  Cir. 2000) (citing Hensley, 461 U.S. at 429); see Ewing v. Glogowski, 198 Wn. App. 515, 521
2  (2017) (accord under Washington law).

3        Under federal law, the Court determines the hourly rate by considering the "evidence
4  produced by the parties, including fee rates of other attorneys in similar practices, awards in
5  comparable cases, counsel's experience and reputation level, and the market rates, as well as two
6  additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work."
7  Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005). And under Washington law, if the "attorneys
8  in question have an established rate for billing clients, that rate will likely be a reasonable rate."
9  Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597 (1983). But "[t]he attorney's usual
10  fee is not, however, conclusively a reasonable fee and other factors may necessitate an
11  adjustment," such as "the level of skill required by the litigation, time limitations imposed on the
12  litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability
13  of the case." Id. And "[t]he reasonable hourly rate should be computed for each attorney, and
14  each attorney's hourly rate may well vary with each type of work involved in the litigation." Id.

15        In deciding the number of hours "reasonably expended," the Court considers whether the
16  time spent on the matter was "excessive, redundant, or otherwise unnecessary." Hensley, 461
17  U.S. at 434. The requesting attorney "must provide reasonable documentation of the work
18  performed" to enable this determination. Bowers, 100 Wn.2d at 597 (1983); Hensley, 461 U.S. at
19  433 (accord). "This documentation need not be exhaustive or in minute detail, but must inform
20  the court, in addition to the number of hours worked, of the type of work performed and the
21  category of attorney who performed the work (i.e., senior partner, associate, etc.)." Bowers, 100
22  Wn.2d at 597. "Illegible, abbreviated time records, submitted in a form not reasonably capable of

evaluation, do not satisfy the burden of submitting detailed time records justifying the hours claimed." Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir. 1993) (citation and quotation omitted).

### 1. Hourly Rates

The Court here reviews the evidence supporting the rates requested for each attorney and determines each person's reasonable rate for the work in this case.

Plaintiffs ask for approval of an hourly rate of $400 for all three attorneys involved in the case. Anthony Ginster has 32 years of experience practicing law, with a focus on admiralty law. (Ginster Decl. ¶ 4 (Dkt. No. 93-1).) Gordon Webb has been practicing since 1993 and similarly focuses on admiralty law. (Webb Decl. ¶ 2 (Dkt. No. 93-2).) Lastly, Reba Weiss has been practicing since 1982, focusing on employment law since 1992. (Weiss Decl. ¶ 3 (Dkt. No. 93-3).)

#### a. Defendants' Motion to Strike

In their initial motion, Plaintiffs' attorneys provide no evidence of fee rates of other attorneys in similar practices, awards in comparable cases, or market rates. Instead, Plaintiffs provide such evidence for the first time in their reply brief. (See Pltffs. Reply at 2-3.) In response, Defendants asked the Court to strike Plaintiffs' argument and supporting declarations regarding the hourly rate. (See Surreply and Mot. to Strike at 1-3.) Indeed, Plaintiffs have not provided any basis to justify their late inclusion, and it does not appear to respond to a novel argument presented by Defendants. The Court GRANTS Defendants' motion to strike as it pertains to the hourly fee.

However, the Court in its discretion, still finds that a $400 hourly rate is appropriate given each attorney's years of practice and the preclusive effect of accepting a case in which Plaintiffs' attorneys represented 21 individuals, many of whom spoke little or no English. (See Pltffs. Mot. for Attnys Fees at 4).

### 2.   Hours Expended

The Court next assesses the reasonable number of hours spent litigating this matter. Plaintiffs' attorneys allege they spent a total amount of 289.3 hours representing 21 Plaintiffs, which averages out to 14 hours per Plaintiff. (See Id. at 3; Reply at 3.) However, the Court notes a slight mathematical error. It added up each attorney hours – 136.5 for Weiss, 77.5 for Webb, and 75.2 for Ginster and found a total of 289.2 hours. (See Weiss Dec. at 2; Webb Dec. Ex. 1; and Ginster Dec Ex. 1.) Defendants put forth a number of arguments as to why the number of hours Plaintiffs' attorneys expended are not reasonable. The Court finds two persuasive.

#### a.   Costs and Fees After March 31, 2022 Are Not Recoverable

The terms of the offer of judgment govern the award of fees and costs. Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993). The terms of Defendants' second Offers of Judgment explicitly offer a total amount to each Plaintiff "exclusive of all awardable costs and attorneys' fees accrued up to the date of this Offer (March 31, 2022) . . ." (See Defendants' Offer of Judgment (Dkt. No. 57).) These terms control the cut-off of attorney's fees and costs. Guerrero v. Cummings, 70 F.3d 1111, 1114 (9th Cir. 1995).)

Weiss seeks fees for 31.3 hours and $85 in costs spent after March 31, 2022; Webb seeks 4.4 hours of fees accrued after that date; and Ginster seeks 3.8 hours. (Weiss Decl. Ex. 1; Webb Decl. Ex. 1; Ginster Decl. Ex. 1.) Because these fees and costs occurred after the cut off set by Defendants' Offer of Judgment, the Court will reduce the additional hours and costs spent after March 31, 2022. This leads to a total reduction of 39.5 hours, which yields $15,800 plus the additional $85 reduction for costs, for a total reduction of $15,885.00.

#### b.   Block Billing

Defendants also take issue with Plaintiffs' block billing and claim that due to these types of time entries Plaintiffs have failed to meet their burden to demonstrate the reasonableness of

1 | their time. Though the Court agrees with Defendants' objection the the block billing, it
2 | ultimately finds the total number of hours expended reasonable.
3 |       Block billing generally deprives the Court of the ability to determine whether time spent
4 | on more than one divergent task is reasonably spent. Inadequate segregation of time falls below
5 | the standards required of counsel to support a request for fees under federal or Washington law.
6 | See Stewart, 987 F.2d at 1453; Bowers, 100 Wn.2d at 597.
7 |       The Court's review of Wiess, Ginster and Webb's billing records show that there is
8 | frequent block billing, with Ginster and Webb being the worst offenders. This impedes the
9 | Court's ability to ensure that the time was not excessive. However, despite the block billing and
10 | the Court's disfavor of it, the Court finds that the time entries submitted by each attorney are
11 | reasonable. This is underscored by the fact that each attorney spent roughly 96 hours over the
12 | course of a year representing 21 Plaintiffs, which amounts to only 14 hours per Plaintiff. (Reply
13 | brief at 3.) The Court finds that the number of hours expended by each attorney is reasonable.

      **3.**    **Total Lodestar**

Based on the records provided by counsel and the reductions noted above, the Court makes the following lodestar calculation:

| Biller | Hours | Rate | Total |
|---|---|---|---|
| Weiss | 105.2 | $400/hour | $42,080 |
| Webb | 73.1 | $400/hour | $29,240 |
| Ginster | 71.4 | $400/hour | $28,560 |

C. **Expenses**

The parties do not dispute the costs associated with Plaintiffs' expenses in furtherance of the litigation, with the exception of the $85 Plaintiffs incurred after Defendant's Offer of Judgment. The Court has reviewed the other requested expenses and finds them to be reasonable. In applying the reduction for the $85, the Court finds it reasonable to award expenses in the amount of $3,795.19 ($6.60 + ($983.33 x 3) + $402.00 + $277.00 + $138.50 + $1.10 + $20.00).

**CONCLUSION**

The Court GRANTS Plaintiffs' Motion for Attorneys' Fees. The Court has determined that the lodestar amount of $99,880.00 yields an appropriate and reasonable award of fees to counsel for their successful efforts in bringing this case. And the Court also awards an additional $3,795.19 for expenses for a grand total of $103,675.19 in fees. Defendants must pay these fees within 30 days of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 25, 2022.

Marsha J. Pechman
United States Senior District Judge