UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Musa Daramy et al., | CASE NO. 21-1431 MJP |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION TO STAY |
| v. | |
| Arctic Storm Management Group LLC, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Stay Pending Appeal. (Dkt. No. 119.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 123), the Reply (Dkt. No. 124), and all supporting material, the Court DENIES Defendant's Motion.

**BACKGROUND**

This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. Plaintiffs brought claims under Title VII, Washington's Law Against Discrimination, and 42 U.S.C. § 1981 on theories of intentional discrimination, hostile work environment, retaliation, and wrongful termination. Shortly after filing the case, the Parties made

a Stipulate Motion to Stay Case Deadlines Pending Completion of a Settlement Agreement. (Dkt. No. 30.) The Court granted the Motion but stated that in the event the settlement was not perfected, any party may move to reopen the case, provided that such a motion was filed within sixty (60) days of the order. (See Order re Parties' Stip. Mtn. to Stay Case (Dkt. No. 31).)

A little over a month later, Plaintiffs made a motion to reopen the case because the settlement agreement could not be perfected. (Mot. to Reopen (Dkt. No. 32).) Plaintiffs also filed a Praecipe to Enter Judgment Pursuant to Offers of Judgment (Dkt. No. 40). In response, Defendant made a motion to enforce the settlement agreement. (Mot. to Enforce (Dkt. No. 36).) The Court struck Plaintiffs' Praecipe because the offers of judgment submitted to the Court did not satisfy the requirements of Federal Rule of Civil Procedure 68. (Order Denying Mot. to Enforce Settlement and Reopen Case at 5-7 (Dkt. No. 50).) It also denied Defendant's motion to enforce the settlement agreement as the agreement required the signature and release of all twenty-one (21) Plaintiffs, which it did not have. (Id. at 9-10.) The Court did grant Plaintiffs' Motion to Reopen. (Id. at 17.) Shortly thereafter seventeen (17) Plaintiffs accepted new offers of judgment. The Court entered judgment for sixteen (16) Plaintiffs and denied one offer due to ambiguity. (See Dkt. Nos. 100-117.) Defendant appealed and brought a motion to stay. (Dkt. Nos. 118, 119.)

## ANALYSIS

In Defendant's Notice of Appeal (Dkt. No. 118), it states that it is appealing the Court's (1) Order Denying Motion to Enforce Settlement and Reopen Case; (2) Order Denying Motion for Reconsideration; (3) Order Denying Request to Enter Judgment as to the Offer of Judgment Made to Sekou Soukouna; and (4) all of the Judgments entered for the Offers of Judgment on behalf of the sixteen accepting Plaintiffs. (Notice of Appeal at 1-2.) Defendant now requests a

stay of enforcement of judgment under Federal Rule of Civil Procedure 62(b) and asks the Court to globally stay the remaining Plaintiffs' claims pending the appeal. The Court finds no basis for either request.

**A.      Defendant's Request to Stay under Fed. R. Civ. P. 62(b)**

Federal Rule of Civil Procedure 62 allows a party to move to stay execution of a judgment while a case is on appeal by posting a superseadeas bond. See Fed. R. Civ. P. 62(a)(b). Federal Rule of Civil Procedure 54 defines the term judgment as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Supreme Court has clarified that a judgment is a final decision "by which a district court disassociates itself from as case." Gelboim v. Bank of Am. Corp., 574 U.S. 405, 408-09 (2015) (internal quotation and citation omitted). The term judgment does not encompass an order dismissing fewer than all of the opposing parties or claims, unless the district court directs entry of a final judgment under Fed. R. Civ. P. 54(b). See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981); Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc., 776 F.2d 1414, 1416 (9th Cir. 1985) (order disposing of fewer than all claims or parties is not appealable absent express determination from district court that there is no just reason for delay under Fed. R. Civ. P. 54(b)).

Fed. R. Civ. P. 54(b) states:

> "When an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but no fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims. . . does not end the action as to any of the claims. . ."

When Defendant filed its Motion to Stay, it argued that it was entitled to an automatic stay upon the posting of a supersedeas bond pursuant to Fed. R. Civ. P. 62(a) and (b). But the Court had only entered judgments pursuant to the offers of judgment for sixteen of the twenty-

one Plaintiffs. The Court has yet to hear the remaining Plaintiffs' claims. And the Court did not enter a judgment as defined by Rule 54(a), the Supreme Court and the Ninth Circuit. As such, Rule 62(a) and (b) are not applicable. Rather, the Court would first need to enter final judgments pursuant to Rule 54(b) and then making a ruling under 62(h), which governs stays with multiple claims or parties after a court has issued a final judgment under Rule 54(b).

At the time Defendant filed the Motion to Stay it had not filed a Motion to Certify under Rule 54(b). Defendant has since filed a Rule 54(b) motion, but it has yet to be fully briefed by the Parties. (See Dkt. Nos. 128, 131). And neither Party briefed the Motion to Stay under Rule 62(h), which would nevertheless be improper absent a Rule 54(b) certification. For all these reasons, the Court DENIES Defendant's request to stay enforcement under Fed. R. Civ. P. 62(b).

**B.    Defendant's Request to Globally Stay the Remaining Claims**

Defendant makes two arguments in support of its claim that the litigation should be globally stayed pending appeal. The Court finds neither persuasive.

First, Defendant argues that this Court is divested of jurisdiction given the issues Defendant is appealing. The Court finds that it has jurisdiction over the request despite the pending appeal. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat. Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). The purpose of this judge-made rule is to promote judicial economy and avoid having the same issues before two courts simultaneously, but it is not absolute. Id. And the rule typically applies only when there has been a judgment determining the entire action or an injunction. Neither are present here.

As stated above, Defendant appeals the (1) Order Denying Motion to Enforce Settlement and Reopen Case; (2) Order Denying Motion for Reconsideration; (3) Order Denying Request to

Enter Judgment as to the Offer of Judgment Made to Sekou Soukouna; and (4) all of the Judgments entered for the Offers of Judgment on behalf of the sixteen accepting Plaintiffs. The Court has no intention of altering those decisions and it is Defendant's prerogative to try and appeal them prior to a final judgment. The remaining Plaintiffs' claims, however, are still within the Court's jurisdiction and the Court finds that it is not divested of these claims while the others are on appeal.

Second, Defendant argues that the Court should exercise its discretion to stay the remaining proceedings pending the appeal. The Court is disinclined to do so. A stay pending appeal "is an intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 427 (2009) (internal quotation and citation omitted). It is within the bounds of judicial discretion whether to grant such a request, "and the propriety of its issue is dependent upon the circumstances of the particular case." Id. (internal quotation and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34.

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction .... At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. The relative hardship to the parties is the critical element in deciding at which point along the continuum a stay is justified." Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983) (citations and internal quotations omitted).

     The Court finds none of the factors weigh in favor of Defendant. With regard to the probability of success, among the issues Defendant appeals, Defendant is seeking to appeal the effect of its own offers of judgment and a settlement agreement that contained explicit language requiring the signature of all Plaintiffs. The Court had limited discretion in both of these issues. See Fed. R. Civ. P. 68 (stating that upon filing the offer and notice of acceptance, the clerk must then enter judgment). Defendant argues that it need not show a "likelihood of success" but rather that substantial or serious legal questions exist for appeal. In support of this Defendant simply asserts that the enforcement of the settlement agreement and validity of the offers of judgment raise serious legal questions. The Court does not believe that the appeals present a substantial or serious legal question as to the validity of Defendant's attempt to enforce a global settlement agreement whose terms were not met and Defendant's own offers of judgment. This factor weighs against granting a stay.

     Defendant also fails to demonstrate irreparable harm. Defendant claims that being forced to try the remaining five Plaintiffs' claims would result in the incurrence of litigation expenses, litigation of futile claims, and the probability of wasted judicial resources. Yet Defendant is incurring additional expenses in appeal regardless. And the Court is unconvinced that the remaining Plaintiffs' claims are futile given that they stem from similar facts and circumstances that Defendant felt warranted a global settlement agreement and two offers of judgment. The claims do not involve individual liberties, constitutional claims, or damage that cannot be repaired. The Court finds this factor weighs against Defendant.

     As for the remaining factors, substantial harm and public interest, the Court finds these factors similarly do not weigh in favor of Defendant. Defendant has made no claim that substantial harm would arise to it absent a stay. Meanwhile the remaining Plaintiffs are actively

ORDER ON DEFENDANT'S MOTION TO STAY - 6

pursuing resolution of their claims and deserve to have their day in court. And Defendant acknowledges that there is an established public interest in the adjudication of these types of claims. (Mot. to Stay at 11.) The timely resolution of Plaintiffs' claims weighs more strongly than Defendant's desire to stay the action pending appeal.

In weighing these factors, the Court finds that a stay is not merited on the record presented. The Court DENIES the Defendant's request to globally stay the litigation.

## CONCLUSION

Defendant has failed to demonstrate that it is entitled to a stay under Fed. R. Civ. P. 62(b). And the Court is not inclined to exercise its discretion to issue a stay on the remaining claims. As such, the Court DENIES Defendant's Motion to Stay.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 31, 2022.

Marsha J. Pechman
United States Senior District Judge