UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUSA DARAMY, et al.,<br><br>                    Plaintiff,<br><br>        v.<br><br>ARCTIC STORM MANAGEMENT GROUP, LLC, et al.,<br><br>                    Defendant. | CASE NO. 2:21-cv-01431 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MOTION FOR RULE 54(B) CERTIFIACTION AND SEVERANCE |

This matter is before the Court on Defendants' Motion for Civil Rule 54(b) Certification and Severance ("Motion" (Dkt. No. 128)). The Court, having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 131), the Reply (Dkt. No. 132), and all relevant material, GRANTS the Motion in part and DENIES in part.

**BACKGROUND**

This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. Shortly after the case was filed, individual Plaintiffs began filing notices that they had accepted an Offer of Judgment from Defendants. (See Dkt. Nos. 8-27.) In total, eighteen out

of twenty-one Plaintiffs filed a notice that they had accepted an Offer of Judgment from Defendants. The Parties later filed a stipulated motion to stay the case schedule pending completion of the settlement. (Dkt. No. 30.) Following this, Plaintiffs filed a motion to reopen the case, as the settlement had not been perfected. (Dkt. No. 32.) Defendants counter filed a motion to enforce the settlement. (Dkt. No. 36.) The Court denied Defendants' motion to enforce the settlement because the offers entered into the record did not satisfy the requirements of Rule 68, and instead granted Plaintiffs' motion to reopen the case. (Dkt. No. 50.) Defendants made a motion for reconsideration, which the Court also denied. (Dkt. No. 54.)

After the Court reopened the case, seventeen Plaintiffs accepted new Offers of Judgments from Defendants. The Court entered Judgments pursuant to Federal Rule of Civil Procedure 68 for sixteen of the Plaintiffs (See Dkt. Nos.101-116) and denied the request to enter judgment for one of the Plaintiffs because the Offer of Judgment included two different settlement amounts (Dkt. No. 100). The Court also awarded attorneys' fees and costs. (Dkt. No. 122.) Defendants now seek to appeal: (1) Order Denying Motion to Enforce Settlement and Reopening Case (Dkt. No. 50); (2) Order Denying Motion for Reconsideration (Dkt. No. 54); (3) Order Denying Request to Enter Judgment as to the Offer of Judgment Made to Sekou Soukouna (Dkt. No. 100); (4) Judgments entered on behalf of Plaintiffs who accepted the second Offers of Judgment (Dkt. Nos. 101-116); and (5) Order on Plaintiffs' Motion for Attorneys' Fees and Costs. (Dkt. No. 126). Though Defendants have already filed their Notice of Appeal, Defendants cannot properly appeal absent a Federal Rule of Civil Procedure 54(b) certification and severance. Defendants now ask the Court to grant said certification and sever the remaining five Plaintiffs' claims and into separate claims.

## ANALYSIS

**A.    Rule 54(b) Certification**

Federal Rule of Civil Procedure 54(b) permits entry of judgment on less than all of the claims in a case before all claims have been resolved if there is "no just reason for delay." Wood v. GCC Bend, LLC, 422 F.3d 873, 877 (9th Cir. 2005) (quoting Fed. R. Civ. P. 54(b)). District courts undertake a two-step process when applying Rule 54(b). Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). First, a district court must "determine that it is dealing with a 'final judgment.'" Id. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (internal quotation and citation omitted).

Second, the Court must determine whether there is any just reason for delay. Wood, 422 F.3d at 878. "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." Curtis-Wright, 466 U.S. at 8. "This discretion is to be exercised in the interest of sound judicial administration." Id. (internal quotation and citation omitted). The Ninth Circuit embraces a "pragmatic approach focusing on severability and efficient judicial administration." Wood, 422 F.3d at 880. This approach includes the "effort to streamline litigation by narrowing the issues for trial, [thus] efficiently separate[ing] the legal from the factual questions." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, "for consideration of judicial administrative interests is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." Curtis-Wright, 466 U.S. at 8.

1       In this case, there is no dispute about whether the Court's entries of Judgment pursuant to
2  the Offers of Judgment is a "final judgment" that satisfies the requirements under Rule 54(b).
3  Accordingly, the Motion turns on the second step in the two-step process.
4       Defendants argue that it is in the interest of judicial administration to permit an early
5  appeal. (Motion at 6-7.) The crux of Defendants' argument lies in their theory that their initial
6  global settlement agreement will be enforced by the Ninth Circuit, thus overturning the accepted
7  offers of judgment, and resolving the remaining five claims. The global settlement agreement
8  required each and every Plaintiff to sign and release Defendants from liability. An essential term
9  that failed because Plaintiffs' counsel was unable to obtain one signature. Though the Court is
10 confused why Defendants are appealing their own Offers of Judgment, it recognizes that the
11 Offers of Judgment do not affect the remaining five plaintiffs. And the global settlement
12 agreement Defendants seek to appeal theoretically would resolve the remaining claims.
13 Therefore, the Court GRANTS Defendants' request for Rule 54(b) certification as to the sixteen
14 Plaintiffs who accepted the Offers of Judgment.

15 **B.      Defendants' Request for Severance**

16      Defendants' also request the Court sever the remaining five Plaintiffs' claims into
17 individual claims arguing that Plaintiffs were improperly joined. The Court disagrees.
18      Under Fed. R. Civ. P. 20, joinder is proper if "(1) the plaintiffs assert a right to relief
19 arising out of the same transaction or occurrence and (2) some question of law or fact common to
20 all the plaintiffs will arise in the action." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th
21 Cir. 2000). Once these requirements are met, " a district court must examine whether permissive
22 joinder would comport with the principles of fundamental fairness or would result in prejudice to
23 either side." Id.
24

1        Though Defendants argue that Plaintiffs claims are all factually and legally distinct, the
2 differences between them are superficial. Plaintiffs' Complaint (Dkt. No. 1) alleges that each
3 Plaintiff experienced harassing and discriminatory behavior, which they believe was due to the
4 fact that they are all Black Africans. The most common experiences among Plaintiffs include
5 verbal harassment and abuse and being denied bathroom breaks to the point where the majority
6 of Plaintiffs had been forced to urinate on themselves. However, several Plaintiffs allege being
7 denied medical assistance and a failure to promote. One Plaintiff got into an altercation with a
8 manager after one of these experiences and the Plaintiff was fired. Following this, all of the
9 Plaintiffs jointly refused to go to work unless the Plaintiff who was fired was reinstated.
10 Defendants instead fired all of the Plaintiffs. While Plaintiffs might have minor differences in the
11 type and severity of harassment they experienced, the majority of the experiences are the same
12 and Plaintiffs were collectively fired at the same time and for the same reason. Thus, the claims
13 arise out of the same common nucleus of operative facts and involve similar series of
14 transactions and occurrences. The Court finds Plaintiffs were properly joined.

15        Once the requirements of Rule 20 are satisfied, the Court must then consider whether
16 joinder would result in prejudice to either side. District Courts have broad discretion in making
17 this determination. Coleman, 232 F.3d at 1297.  Defendants argue that it would be prejudicial to
18 have the remaining Plaintiffs' claims joined because the claims "span different timeframes and
19 assert disparate alleged wrongs. . ." (Motion at 11.) Again, these appear to be minor differences,
20 not issues that are at the heart of Plaintiffs' claims. Plaintiffs, on the other hand, argue that it is in
21 the interest of judicial administration to keep all twenty-one (21) Plaintiffs together. Plaintiffs
22 argue that the group firing and preceding allegedly unlawful practices are too closely intertwined
23 to separate, not to mention separating the remaining Plaintiffs would lead to duplicative trials in
24

1 | terms of witnesses and discovery. (Pltffs. Opp. at 4, 8-9.) The Court agrees with Plaintiffs. The
2 | Court DENIES Defendants' request to sever the remaining five claims into separate actions.
3 |     The clerk is ordered to provide copies of this order to all counsel.
4 |     Dated November 16, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MOTION FOR RULE 54(B) CERTIFIACTION AND SEVERANCE - 6