UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Musa Daramy et al., | CASE NO. 21-1431 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY |
| v. | |
| Arctic Storm Management Group LLC, | |
| Defendant. | |

This matter comes before the Court on Defendants' Motion to Compel Discovery Responses from Plaintiff Mohamed Ali ("Motion" (Dkt. No. 140)). Having reviewed the Motion, the Reply (Dkt. No. 147), and all supporting materials, the Court GRANTS Defendants' Motion.

**BACKGROUND**

This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. The crewmembers (Plaintiffs) were initially represented by an attorney, however, in January 2022 the crewmembers' attorney made a request to stop acting as the attorney for Plaintiff Mohamed Ali. (Dkt. No. 33.) The Court granted this request. (Dkt. No. 50.) No other

attorney has appeared for Ali, and he appears to be proceeding pro se (meaning he is acting as his own lawyer). The issue before the Court arises out of requests for information that Defendants asked of Ali. Defendants sent a set of questions, called interrogatories, as well as requests for production and admissions, which asks for documents and for Ali to admit to certain matters. (Motion at 2.) Together these are called a Set of Interrogatories and Requests for Production and Admissions. Defendants state their attorney had a conversation with Ali to discuss these requests for information and made additional attempts to reach him after the conversation, but still have not received an answer to their questions, any documents, or admissions. (Id.) Defendants now ask the Court to require Ali to answer.

## ANALYSIS

Once a lawsuit is filed in Court, a process called discovery begins. This is the time where the parties can ask questions of one another, for documents, or for one party to admit to certain matters, such as the time and place that events took place. This process is guided by Federal Rules. For example, Federal Rule 34 allows each party to ask the opposing party for documents that are relevant to the case. See Fed. R. Civ. P. 34(a). The party who is asked for documents must respond in writing within 30 days after receiving the request. Fed. R. Civ. P. 34(b)(2)(A). The person asked for documents may object to handing over the documents, but if they do, they must tell the other party why. Fed. R. Civ. P. 34(b)(2)(C). If the party fails to answer the request within 30 days, a court may find that the party has lost their right to object and require them to turn over all documents. See Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2013 WL 12069048, at *2 (W.D. Wash. Feb. 20, 2013) (citing cases). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Id. (internal citation and quotation omitted). Defendants asked Ali for documents, and Ali has

apparently failed to respond to within the 30 day time period. (Motion at 2.) Defendants now ask that the Court find that Ali may not object to turning over any documents and require him to do so. (Motion at 5.)

As for the questions that Defendants asked Ali. Federal Rule 33 allows a party to ask up to 25 written questions, otherwise known as interrogatories, and states that the party must answer or object within 30 days after receiving the questions. Fed. R. Civ. P. 33(a),(b)(2). The questions must be answered completely, in writing and signed. Fed. R. Civ. P. 33(b)(3)(5). If the party being asked fails to respond within 30 days, that party loses the right to object to answering any of the questions. Fed. R. Civ. P. 33(b)(4). Defendants provided Ali with their written questions, and Ali failed to respond within the 30 day time period. (Motion at 2.) Defendants now ask that the Court require Ali to respond to these questions within five days of this Order. (Motion at 5.)

Lastly, Defendants also asked that Ali admit to certain things. Federal Rule 36 allows a party to request the other party admit to certain matters. Fed. R. Civ. P. 36(a)(1)(A). A party who is asked to admit to facts must either admit the request, deny it, or explain why they can neither admit or deny (typically this is because the party does not know enough to admit or deny). Fed. R. Civ. P. 36(a)(4). If the party being asked to admit does not answer within 30 days, the matters are considered admitted. Fed. R. Civ. P. 36(a)(3). Defendants served Ali with requests for admissions, which Ali failed to respond to within the 30 day time period. (Motion at 2.) Defendants now ask that the requests for admissions be considered admitted by the Court. (Motion at 5.)

Ali's responses to Defendants' requests were due November 23, 2022. (Motion at 2.) Ali did not respond by the deadline. Defendants' attorney states that he spoke with Ali over the phone to discuss the late responses. (Id.) Following the call, the attorney sent a follow up email

1    detailing the discussion. (Id.) According to this email, Ali stated that he would review his email

2    and respond regarding these requests no later than the next morning. (Id.) Defendants' attorney

3    attempted to reach Ali the next day but was unable to reach him and claims Ali has not

4    responded to any communications since. (Id.) Defendants then filed this Motion asking the Court

5    to require Ali to answer the requests. Ali did not submit anything for the Court to review.

6         It cannot be disputed that Defendants served Ali with requests for production,

7    interrogatories, and admissions according to the Federal Rules of Civil Procedure 33, 34, and 36.

8    Without a response from Ali, the Court has no reason to question Defendants' version of events.

9    Defendants now ask that the Court (1) require Ali to provide full and complete responses within

10    five days of this Order; (2) find that Ali has lost the right to make any objections to Defendants'

11    First Set of Interrogatories and Requests for Production, meaning that his has lost the right to

12    object to any questions or to producing any documents; and (3) find that Defendants' First Set of

13    Requests for Admission are admitted. The Court GRANTS Defendants' Motion and their

14    requested relief, with the modification that Ali is given seven (7) days to respond instead of five

15    (5).

16         The Court therefore finds as follows:

17         (1)     Plaintiff Ali shall provide full and complete responses to Defendants' First

18    Interrogatories and Requests for Production within seven (7) court days of this Order;

19         (2)     Plaintiff Ali has waived any objections to Defendants' First Set of Interrogatories

20    and Requests for Production; and

21         (3)     Defendants' First Set of Requests for Admission to Plaintiff Ali are deemed

22    admitted.

23

24

1    The Court warns Ali that failure to respond to these requests can result in the dismissal of

2 his case.

3 IT IS SO ORDERED.

4    The clerk is ordered to provide copies of this order to all counsel.

5    Dated January 30, 2023.

6

7    Marsha J. Pechman
     United States Senior District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY - 5