UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUSA DARAMY et al.,

        Plaintiffs,

   v.

ARCTIC STORM MANAGEMENT GROUP, LLC,

        Defendant.

CASE NO. 21-1431 MJP

ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

    This matter comes before the Court on Defendant's Motions to Compel Discovery Responses from Plaintiffs Macire Diaby (Dkt. No. 159), Amgad Muhamed (Dkt. No. 163), Sekou Soukouna (Dkt. No. 165), and Abdul Umama (Dkt. No. 167) (collectively "Motions"). Having reviewed the Motions, the Replies (Dkt. Nos. 162, 169, 170, 171), and all supporting documents, the Court GRANTS Defendant's Motions.

**BACKGROUND**

    This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. The crewmembers were initially represented by attorneys, however, in January

2023 the crewmembers' attorneys made a request to stop working as the attorney for Plaintiffs Macire Diaby, Abdul Umama, Amgad Muhamed and Sekou Soukouna ("Plaintiffs"). (Dkt. No. 150.) No other attorneys have appeared for Plaintiffs, and they appear to be proceeding pro se, meaning they are acting as their own lawyers.

The issue before the Court arises out of requests for information that Defendant asked of Diaby, Umama, Muhamed and Soukouna. Defendant sent a set of questions, called interrogatories, as well as requests for production and admissions, which asks the Plaintiffs to provide Defendant with documents and admit to certain matters. (Motions at 2.) Together these are called a Set of Interrogatories and Requests for Production and Admissions. The attorney for the Defendant, otherwise known as defense counsel, repeatedly tried to reach out to Diaby regarding his responses to these questions, but did not receive a response. (Motion to Compel Responses from Diaby at 2-3.) Defense counsel also spoke with Umama, Muhamed and Soukouna and gave each of them additional time to respond to the questions. (Motion to Compel Responses from Muhamed at 2-3; Motion to Compel Responses from Soukouna at 2-3; Motion to Compel Responses from Umama at 2-3.) The agreed upon deadlines for Plaintiffs to send Defendant these answers have passed, and defense counsel has yet to receive any responses, documents or admissions. (Id.) Defendant now ask the Court to require Plaintiffs to answer.

**ANALYSIS**

Once a lawsuit is filed in Court, a process called discovery begins. This is the time where the parties can ask questions of one another, for documents, or for one party to admit to certain matters, such as the time and place that events took place. This process is guided by Federal Rules. For example, Federal Rule 34 allows each party to ask the opposing party for documents that are relevant to the case. See Fed. R. Civ. P. 34(a). The party who is asked for documents

must respond in writing within 30 days after receiving the request. Fed. R. Civ. P. 34(b)(2)(A). The person asked for documents may object to handing over the documents, but if they do, they must tell the other party why. Fed. R. Civ. P. 34(b)(2)(C). If the party fails to answer the request within 30 days, a court may find that the party has lost their right to object and require them to turn over all documents. See Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2013 WL 12069048, at *2 (W.D. Wash. Feb. 20, 2013) (citing cases). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Id. (internal citation and quotation omitted). Defendant has asked Diaby, Umama, Muhamed and Soukouna for documents and they have each failed to respond within the 30 day time period. (Motions at 2.) Defendant now asks that the Court find that Plaintiffs may not object to handing over any documents and require them to do so. (Motions at 5.)

As for the questions that Defendant asked Diaby, Umama, Muhamed and Soukouna. Federal Rule 33 allows a party to ask up to 25 written questions, otherwise known as interrogatories, and states that the party must answer or object within 30 days after receiving the questions. Fed. R. Civ. P. 33(a),(b)(2). The questions must be answered completely, in writing and signed. Fed. R. Civ. P. 33(b)(3)(5). If the party being asked the questions fails to respond within 30 days, that party loses the right to object to answering any of the questions. Fed. R. Civ. P. 33(b)(4). Defendant provided Plaintiffs with written questions, and they failed to respond within the 30 day time period. (Motion at 2.) Defendant now asks that the Court require the Plaintiffs to respond to these questions within five days of this Order. (Motion at 5.)

Lastly, Defendant also asked that Diaby, Umama, Muhamed and Soukouna admit to certain things. Federal Rule 36 allows a party to request the other party admit to certain matters. Fed. R. Civ. P. 36(a)(1)(A). A party who is asked to admit to facts must either admit the request,

deny it, or explain why they can neither admit or deny (typically this is because the party does not know enough to admit or deny). Fed. R. Civ. P. 36(a)(4). If the party being asked to admit does not answer within 30 days, the matters are considered admitted. Fed. R. Civ. P. 36(a)(3). Defendant served Plaintiffs with requests for admissions, which they have failed to respond to within the 30 day time period. (Motion at 2.) Defendant now ask that the requests for admissions be considered admitted by the Court. (Motion at 5.)

Diaby's responses to Defendant's request were due March 2, 2023. (Motion to Compel Responses from Diaby at 2.) Defense counsel states that he sent a letter to Diaby requesting to speak on the phone in late March. (Id.) Defense counsel also sent an email to Diaby and eventually called Diaby and left voicemails, but did not hear back from Diaby. (Id. at 2-3.) Defendant then filed a Motion asking the Court to require Diaby to answer the requests. Diaby did not submit anything for the Court to review.

Umama, Soukouna, and Muhamed's responses to Defendant's request were due March 2, 2023. (Motions at 2.) Defense counsel ultimately spoke separately to Umama, Soukouna, and Muhamed about the responses, and agreed to give each an extension to answer the questions. (Id.) Following this, Umama and Muhamed had until April 30 to answer Defendant's questions, and Soukouna had until April 29. (Declaration of Julian Cano, Exhibit F (Dkt. Nos. 164-6; 168-6; 166-6.).) None of the Plaintiffs responded to the requests by their deadline. Defendant filed a Motion asking the Court to require Plaintiffs to answer the requests. None of the Plaintiffs submitted anything for the Court to review.

It cannot be disputed that Defendant served Plaintiffs with requests for production, interrogatories, and admissions according to the Federal Rules of Civil Procedure 33, 34, and 36. Without a response from Plaintiffs, the Court has no reason to question Defendant's version of

events. Defendant now asks that the Court (1) require Diaby, Umama, Muhamed and Soukouna to provide full and complete responses within five days of this Order; (2) find that Diaby, Umama, Muhamed and Soukouna have lost the right to make any objections to Defendant's First Set of Interrogatories and Requests for Production, meaning that they have lost the right to object to any questions or to producing any documents; and (3) find that Defendant's First Set of Requests for Admission are admitted. The Court GRANTS Defendants' Motion and their requested relief, with the modification that Diaby, Umama, Muhamed and Soukouna are given seven (7) days to respond instead of five (5).

The Court therefore finds as follows:

(1) Plaintiffs Diaby, Umama, Muhamed and Soukouna shall provide full and complete responses to Defendant's First Interrogatories and Requests for Production within seven (7) court days of this Order;

(2) Plaintiffs Diaby, Umama, Muhamed and Soukouna have waived any objections to Defendant's First Set of Interrogatories and Requests for Production; and

(3) Defendant's First Set of Requests for Admission to Plaintiffs Diaby, Umama, Muhamed and Soukouna are deemed admitted.

The Court warns Diaby, Umama, Muhamed and Soukouna that failure to respond to these requests can result in the dismissal of their cases.

IT IS SO ORDERED.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 6, 2023.

Marsha J. Pechman
United States Senior District Judge