UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Musa Daramy et al., | CASE NO. 21-1431 MJP |
| Plaintiffs, | ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 37 |
| v. | |
| Arctic Storm Management Group LLC, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings, Summary Judgment, and Rule 37 Dismissal. (Dkt. No. 173.) Having reviewed the Motion, the Reply (Dkt. No. 175), and all other supporting materials, the Court GRANTS the Motion for Rule 37 Dismissal.

**BACKGROUND**

This is an employment discrimination case filed by twenty-one former crewmembers of a fishing vessel. Plaintiffs commenced this action on October 19, 2021, bringing claims under Title

VII, Washington's Law Against Discrimination, and 42 U.S.C. § 1981. In January 2022, counsel for Plaintiffs moved to withdraw as counsel for plaintiff Mohamed Ali pursuant to Local Civil Rule 83.2(b)(1). (Dkt. No. 33.) The Court granted the request. (Dkt. No. 50.) In July 2022, the Court entered judgment in favor of sixteen of the twenty-one plaintiffs. (See Dkt. Nos. 101-116.) Five Plaintiffs still remain: Mohamed Ali, Macire Diaby, Abdul Umama, Sekou Soukouna, and Amgad Mohamed. Counsel from Diaby, Umama, Soukouna, and Mohamed moved to withdraw as their attorneys in January 2023, citing irreconcilable differences and Plaintiffs' failure to fulfill a substantial duty or obligation to the lawyer. (Dkt. No. 150.) The Court granted the motion (Dkt. No. 156), and now all remaining Plaintiffs are proceeding pro se.

Proceeding with the litigation, Defendants served each of the remaining Plaintiffs with discovery requests. Because the requests went unanswered, Defendants eventually moved to compel the responses. (Dkt. Nos. 140, 159, 163, 165, 167.) The Court granted the motions and warned Plaintiffs that further failure to respond to the requests may result in the dismissal of their cases. (Dkt. Nos. 155, 172.) Following these Orders, Plaintiffs still failed to respond to the discovery requests and engage in litigation. Defendants now move for summary judgment, judgment on the pleadings, and Federal Rule of Civil Procedure 37 dismissal. Plaintiffs did not file a response or otherwise respond to the Motion. The Court finds dismissal under Rule 37 appropriate.

## ANALYSIS

The Federal Rules of Civil Procedure empower the Court to impose sanctions if a party fails to respond to a properly served discovery request. Fed. R. Civ. P. 37(d)(3). Rule 37 clarifies that an evasive or incomplete disclosure or response is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). The Court is authorized to impose sanctions up to and including dismissal.

Fed. R. Civ. P. 37(b)(2)(A); see also, Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (giving "particularly wide latitude to the district court's discretion to issue sanctions" under Rule 37).

"District courts have substantial discretion to impose the extreme sanction of dismissal where there has been flagrant, bad faith disregard of discovery duties." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In order to warrant a sanction of dismissal, the party's violations must be due to willfulness or bad faith. Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). The Ninth Circuit has adopted a five factor test that courts must consider when determining whether dismissal is an appropriate sanction. Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007). Courts must evaluate "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. The Court finds that weighing these factors favors dismissal.

### A. **Willfulness, Bad Faith, and Fault**

As a preliminary matter, the Court must consider whether Plaintiffs exhibited "willfulness, bad faith, and fault." Conn. Gen. Life. Ins. Co., 482 F.3d at 1096. "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (internal quotations omitted).

Here, Plaintiffs have failed to provide any evidence showing their failure to respond to discovery requests, and the refusal to respond to the Court's Orders granting Defendants' motions to compel were beyond their control. Rather, it appears that the remaining Plaintiffs

have abandoned their case. As a result, the Court finds Plaintiffs repeated, disobedient conduct evidences their bad faith.

### B. The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

The first two <u>Conn. Gen. Life Ins. Co.</u> factors ask the Court to consider the public's interest in the expeditious resolution of this case and the Court's need to manage its docket. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1227 (9th Cir. 2006). "By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." <u>Id.</u> "Where a court order is violated, the first two factors support sanctions." <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990).

This case has been pending since October of 2021. Sixteen of the twenty-one plaintiffs settled their case in July of 2022, and in February 2023, the attorneys for the remaining Plaintiffs were granted leave to withdraw as counsel. (<u>See</u> Dkt. Nos. 101-116, 156.) Since proceeding without counsel, no progress has been made. Plaintiffs have ignored discovery requests, have failed to file responses to Defendants' motions before the Court, and have failed to comply with the Court's orders. The public's interest in expeditious resolution of litigation is not served by allowed this suit "to continue in a quagmire of inaction." <u>Valencia v. Sharp Elecs. Corp.</u>, 561 Fed.Appx. 591, 594-95 (9th Cir. 2014). Further, Plaintiffs failure to comply with this Court's orders interferes with the Court's ability to hear the case by delaying it, thus disrupting the Court's timely management of its docket, and wasting judicial resources. The Court finds these factor weighs in favor of dismissal.

ORDER DISMISSING CASE PURSUANT TO FED. R. CIV. P. 37 - 4

### C. The Risk of Prejudice to Bassett

The third factor asks the Court to evaluate the risk of prejudice to the party seeking sanctions. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Adriana Int'l Corp., 913 F.2d at 1412. Failure to produce documents is considered sufficient prejudice. Securities and Exchange Comm'n v. Seaboard Corp., 666 F.2d 414, 417 (9th Cir. 1982).

Here, Plaintiffs' repeated failure to respond to discovery requests compounded by their continuing refusal to comply with the Court's order compelling discovery constitutes an interference with the rightful decision of the case. Any additional time spent waiting for Plaintiffs to litigate their case will prejudice Defendants and needlessly draw out this case. The Court finds this factor weighs in favor of dismissal.

### D. The Public Policy Favoring Disposition of Cases on their Merits

Under the fourth factor, the Court must consider the public policy favoring the disposition of cases on the merits. This factor always weighs against dismissal. Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (internal citation omitted).

### E. The Availability of Less Drastic Sanctions

The final factor requires the Court to examine the availability of less drastic sanctions. "[F]actor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (internal citation omitted).

Here, in response to Defendants' motions to compel, the Court found that Plaintiffs failure to respond warranted finding that Plaintiffs waived any objections to the discovery

requests and that Defendants' request for admissions were deemed admitted. (See Dkt Nos. 155, 172.) The Court gave Plaintiffs seven days to respond to the discovery requests and warned Plaintiffs that failure to respond to the requests could lead to the dismissal of their case. (Id.) The three subparts to the fifth factor are satisfied. The Court previously issued Orders discussing alternative sanctions and implemented them. Plaintiffs failed to comply with the Court's Orders and acted in willful disregard of the discovery process. Because Plaintiffs have not complied with past sanctions, the Court has no reason to believe they would in the future. The Court finds this factor weighs in favor or dismissal.

## CONCLUSION

Having weighed the Conn. Gen. Life Ins. Co. factors the Court finds that four of the five factors weigh in favor of dismissal. The only factor weighing against dismissal is "the public policy favoring disposition of cases on their merits, which standing alone, is not sufficient to outweigh the other four factors." Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006). Additionally, the Court found bad faith on behalf of the Plaintiffs, which is a prerequisite to dismissing a case. The Court finds that dismissal is warranted under Fed. R. Civ. P. 37. Because the Court finds dismissal is proper under Rule 37, it does not need to reach the merits of Defendants arguments for summary judgment and judgment on the pleadings. The Court DISMISSES the case with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 21, 2023.

Marsha J. Pechman
United States Senior District Judge